MURPHY, Circuit Judge,
dissenting.
I respectfully dissent. Chief Judge Brian Miller’s denial of qualified immunity to Corporal Condley should be affirmed because disputed issues of material fact remain. These include whether Condley breached a duty to intervene while other officers subjected Matthew Robinson to repeated and injurious taser shocks. The record reveals that Matthew was tased 22 times and contains photographs of his injuries which included wounds and scars on his face, chest, abdomen, and back, as well as a pilonidal cyst on his anus. No drugs were ever found.
Questions remain about whether the repeated tasings which caused Matthew’s injuries were justified. He was first tased while detained in the backseat of a patrol car, with little potential to break away. Cf. Lawyer v. City of Council Bluffs, 361 F.3d 1099, 1105 (8th Cir.2004). Whether Matthew’s failure or inability to exit the car immediately on Stevens’ order should have been interpreted as a “threat to his personal safety or whether it constituted nothing more than an affront to his command authority is a matter for a jury to decide.” Brown v. City of Golden Valley, 574 F.3d 491, 497 (8th Cir.2009). Moreover, Matthew’s size may have prevented him from easily climbing out.
Metal probes fired by a taser can penetrate up to half an inch into the skin of a subject and deliver a 50,000 volt shock lasting up to five seconds. McKenney v. Harrison, 635 F.3d 354, 362 (8th Cir.2011) (Murphy, J., concurring). Tasers intrude upon a subject’s “physical integrity in a way that other non-lethal uses of force do *831 not,” Bryan v. MacPherson, 630 F.3d 805, 825 (9th Cir.2010), and they must be used prudently and in justifiable circumstances, see McKenney, 635 F.3d at 364 (Murphy, J., concurring). Recent examples continue to show that imprudent use of tasers by law enforcement may cause permanent injury and even death. See Alan Blinder, Use of Tasers Is Scrutinized After Walter Scott Shooting, N.Y. Times, May 31, 2015, at A1; see also Bachtel v. TASER Intern., Inc., 747 F.3d 965, 969 n. 2 (8th Cir.2014).
Corporal Condley’s claim that he never heard anyone threaten to tase Matthew or saw anyone use a taser on him contradicts his own previous testimony. In a report prepared right after the incident, Condley stated that Stevens had “advised [Matthew] that he was going to tase him if he didn’t exit the [car].” Later, at the mother’s disorderly conduct trial in state court, Condley testified that he heard Stevens threaten to tase Matthew “two times,” then saw Stevens “rase his taser,” aim its “red dot” at Matthew, and “pull the trigger.” The video made at the scene of the police stop shows Condley watching officer Stevens use the taser on Matthew from his side of the vehicle before moving over to restrain the mother who was trying to shield her son. Although he now claims that the mother prevented him from intervening while Matthew was tased, Condley testified at the mother’s state court trial that she “complied” with his instructions and “sat on the sidewalk.”
Trooper Condley was present when Stevens first threatened to tase Matthew, then aimed the taser, and pulled its trigger. Condley did not say or do anything to deescalate the situation. He simply stood by and watched the deputies repeatedly tase the young man. See Krout v. Goemmer, 583 F.3d 557, 566 (8th Cir.2009). Nor did he intervene after Matthew’s mother was returned to the patrol car. There is no question that the law is “clearly established that an officer who fails to intervene to prevent the unconstitutional use of excessive force by another officer may be held liable for violating the Fourth Amendment.” E.g., Nance v. Sammis, 586 F.3d 604, 612 (8th Cir.2009). Also well established is that “one who is given the badge of authority of a police officer may not ignore the duty imposed by his office and fail to stop other officers who summarily punish a third person in his presence or otherwise within his knowledge.” E.g., Krout, 583 F.3d at 565.
Important issues of disputed fact remain on this record as to whether Corporal Condley failed a clearly established duty by not intervening while officers Stevens and Payton fired multiple taser shocks into Matthew’s body. The experienced trial judge’s denial of qualified immunity should be affirmed.